PER CURIAM.
The defendant’s conviction and sentence for second-degree murder is affirmed upon a holding that the single small Polaroid photograph (depicting the deceased victim’s face in an early stage of decomposition), admitted into evidence over the defendant’s objection, was, in our view, corroborative of the medical examiner’s testimony as to the time of death, an arguably relevant issue,[1] and not so inflammatory so as to make its relevance clearly outweighed by its prejudice. See Bush v. State, 461 So.2d 936 (Fla.1984); Engle v. State, 438 So.2d 803 (Fla.1983), cert. denied,-U.S.-, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984); Straight v. State, 397 So.2d 903 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981).
Affirmed.

. The identity of the victim was stipulated to by the parties, arguably removing identity as an issue justifying the admission of the photograph. But see Foster v. State, 369 So.2d 928, 930 (Fla.), cert. denied, 444 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979) ("A defendant cannot, by stipulating as to the identity of a victim and the cause of death, relieve the State of its burden of proof beyond a reasonable doubt.”).